# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mario C. Zapata, | No. CV 1-08-672-GMS |
| Plaintiff, | **ORDER** |
| vs. | |
| D. Holzboog, et al., | |
| Defendants. | |

Plaintiff Mario C. Zapata, who is confined in the Avenal State Prison (ASP) in Avenal, California, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. # 1). This case was reassigned to the undersigned judge on November 25, 2008 (Doc. # 6). The Court will dismiss the Complaint with leave to amend.

**I.      Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v.

Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). Plaintiff's Complaint will be dismissed for failure to state a claim, with leave to amend because the Complaint may possibly be saved by amendment.

**II.    Complaint**

In his Complaint, Plaintiff sues the following Defendants: (1) ASP Correctional Officer (CO) D. Holzboog; (2) ASP CO G. Flores; (3) ASP CO Sedano; ASP Correctional Sergeant E. Alfaro; ASP Warden Kathy Mendoza-Powers; ASP Correctional Captain S. Pennywell; Director of Adult Institutions; California Governor Arnold Schwarzenegger; and Secretary of Corrections James Tilton.

Plaintiff alleges that Holzboog, Flores, Sedano, Alfaro, Pennywell, and Mendoza-Powers have allowed numerous assaults in housing unit 650, allowed the housing units to be severely overcrowded and understaffed, allowed staff corruption, allowed inmates to control the housing units, failed to control tools (e.g. canes) that can be used as weapons, allowed staff to set up, encourage, and condone attacks on disabled inmates like Plaintiff, have failed to protect Plaintiff, have fostered a hostile environment, have allowed predatory inmates to be housed in open housing units, have allwed retaliation, and have opposed Plaintiff's transfer. Plaintiff further alleges that Tilton, Director of Adult Institutions, and Schwarzenegger have allowed the above conduct to continue and have not disciplined the other Defendants.

**III.   Failure to State a Claim**

**A.    Failure to Link Defendants with Injuries**

Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Id.

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). To state a claim against a supervisory official, the civil rights complainant must allege that the supervisory official personally participated in the constitutional deprivation or that the supervisory official was aware of widespread abuses and, with deliberate indifference to the inmate's constitutional rights, failed to take action to prevent further misconduct. See Ortez v. Washington County, 88 F.3d 804, 809 (9th Cir. 1996); Taylor, 880 F.2d at 1045; King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987); see also Monell v. New York City Department of Social Services, 436 U.S. 658, 691-92 (1978). There is no *respondeat superior* liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. Monell, 436 U.S. at 691-92; Taylor, 880 F.2d at 1045.

Plaintiff has not articulated any *specific* conduct on behalf of any Defendant. Indeed, Plaintiff makes only vague and conclusory allegations about the unconstitutional conditions of confinement at the ASP. Plaintiff must allege with specificity what each Defendant did that was violative of Plaintiff's constitutional rights. For this reason, the Court will dismiss Plaintiff's Complaint with leave to amend.

**B.    Failure to Allege Facts Supporting a Constitutional Violation**

Plaintiff's Complaint also speaks generally about the conditions at the ASP. In a first amended complaint, Plaintiff must allege facts to support how *Plaintiff's* constitutional rights have specifically been violated.

**IV.    Leave to Amend**

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a first amended complaint on the form provided with this Order. If Plaintiff fails to use the form provided with this Order, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The amended complaint must be retyped or rewritten in its entirety on the form provided with this Order and may not incorporate any part of the original Complaint by reference.

Plaintiff must comply with the instructions provided with the form. Plaintiff should pay close attention to the instructions provided with the form. If Plaintiff fails to comply with the instructions provided with the form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Among other requirements contained in the instructions, Plaintiff is advised that the instructions require him to provide information regarding the Court's jurisdiction, provide information about the defendants, and divide his lawsuit into separate counts. In each count, Plaintiff must identify what federal constitutional civil right was violated, identify the issue most closely involved in that count, state which defendants violated that right and what those defendants did to violate that right, explain how Plaintiff was injured by the alleged violation of the constitutional right, and identify whether Plaintiff has exhausted any available administrative remedies. Plaintiff must repeat this process for each civil right that was violated. Plaintiff may allege only one claim per count.

A first amended complaint supersedes the original complaint. <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992); <u>Hal Roach Studios v. Richard Feiner & Co.</u>, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat an original complaint as nonexistent. <u>Ferdik</u>, 963 F.2d at 1262. Any cause of action that was raised in the original complaint is waived if it is not raised in a first amended complaint. <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987).

**V.  Warnings**

   **A.  Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83-182(f) and 83-183(b) of the Local Rules of Civil Procedure. Plaintiff must not include

a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B.     Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5-133(d)(2). Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**C.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     The Complaint (Doc. # 1) is **dismissed** for failure to state a claim. Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(2)     If Plaintiff fails to file a first amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

(3)     The Clerk of Court must include with this Order a copy of this judge's required form for filing a civil rights complaint by a prisoner.

DATED this 7th day of April, 2009.

_____
G. Murray Snow
United States District Judge